The National Grand Lodge of the United States of the
Loyal Knights of America, Appellant, *v.* William T.
Watkins et al., The Good Samaritan Lodge No. 27,
of The Junior American Protestant Association of the
United States, and The Good Samaritan Lodge No. 27,
of The American Protestant Association.

*Unincorporated associations—Amendment of constitution—What consti-
tutes.*

The incorporation of an unincorporated benefit association is an amend-
ment of its constitution, and is not binding on the subordinate lodges un-
less the provisions of its constitution in regard to amendments thereof
are followed.

Where an incorporation of a former association is illegal, because the
provisions of the constitution are not followed, the incorporated associa-
tion cannot compel allegiance to it from the subordinate lodges.

The constitution of an unincorporated beneficial association provided
that any proposed change in the constitution or by-laws should be pro-
posed at one meeting, and put to vote at another meeting. A proposition
to procure a charter was made and adopted at the same meeting. The
charter itself, when obtained, contained changes which were never pro-
posed at any meeting. The unincorporated association had no fixed
place of business and no board of directors. The charter provided a
fixed place for the transaction of business and also provided for a board
of directors. *Held,* that the procurement of the charter and the charter
itself were invalid changes in the constitution of the association.

Argued April 14, 1896.   Appeal, No. 64, July T., 1895, by
plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1892,
No. 3, dismissing bill in equity. Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Bill in equity praying for an account of property, a decree
that it be delivered to plaintiff, and that an injunction be granted
restraining its transfer.

The plaintiff, under the name of The National Grand Lodge
of the Junior American Protestant Association of the United
States, was organized in 1864 as an unincorporated beneficial
association. The individual defendants were members of a
subordinate lodge known as The Good Samaritan Lodge No. 27,

of the Junior American Protestant Association, which subordinate lodge is also a defendant.

During the year 1890, the constitution and by-laws of the plaintiff, as they then existed, were amended and the name changed to that of the plaintiff, and it was provided that the change take effect on the 1st day of January, 1891. The committee on reorganization had embodied in its report a recommendation that a charter be procured, and at the time of the vote taken on the adoption of the amended constitution and by-laws a resolution was passed authorizing the officers to obtain a charter. The charter was procured, and the plaintiff thereafter conducted its business, other than lodge and beneficial, as a corporate body. The lodge and beneficial affairs were managed by the same officers and under the same rules as they were before incorporation.

Article XVIII. of the constitution read as follows :

" Any alteration or amendment of this constitution or rules of order must be offered in writing at a stated meeting, and, if seconded by three representatives, shall be entered upon the minutes. Notice of the proposed alteration or amendment shall be sent by the National Grand Secretary to the subordinate lodges, informing them that the same shall be taken up for consideration at the next session of the Grand Lodge, and if two-thirds of the representatives present vote in favor of it, it shall become part of this constitution."

The defendants and certain other lodges refused allegiance to the Grand Lodge after the amendment of the constitution and change of name. Before that time there were 32 subordinate lodges with the total membership of 3116,—18 of the lodges with a membership of 2136 composed the active membership of the plaintiff in 1891.

Notices were given the defendants and other seceding lodges to comply with the laws of the association or to surrender the property acquired as a subordinate lodge of the plaintiff. They refused to renew their allegiance with the plaintiff or to surrender the property acquired as a subordinate lodge thereof.

The bill in this case was then filed, praying for an account and a decree that the property be transferred to the plaintiff.

The case was referred to Henry A. Fuller, Esq., as examiner and master.

The defendants based their defense upon two grounds : first, that the amendment of the constitution and change of name had never been legally effected; and second, that they had surrendered the property for which an account was asked.

The master found that the adoption of the amended constitution and change of name had been legally consummated and that the defendants had not surrendered the property.

He found in favor of the plaintiff upon all the issues raised by the bill and answer; but held that the charter obtained was an amendment to the constitution and by-laws, and was not adopted in accordance with article XVIII. of the constitution.

He decided that the proposition to incorporate and the matters incident thereto should have been introduced at one meeting, and, after notice, should have been acted upon at another meeting, in accordance with this article of the constitution; therefore the charter was not binding upon the defendants and the plaintiff had no legal standing to maintain this action, and recommended that the bill be dismissed.

The following is the only portion of the master's voluminous report which was excepted to :

Is plaintiff's charter binding upon defendants?

This question has a very serious aspect. , The proposition to procure a charter was not made until the meeting in October, 1890, when it was adopted. And the charter itself contains important innovations which were never proposed at any meeting. Was that an infringement of article XVIII? In others words, does that charter amount to an alteration or amendment of the constitution? If it does, then certainly it is not binding upon the defendants, and the plaintiff has no standing in this case. Now the answer to this question seems to me very plain. The transition from an unincorporated association without a fixed place for the transaction of business, and without a board of directors, to a corporation with a fixed place and a board of five directors, was unquestionably an alteration of the constitution. It is argued that the designation of place and of board might be invalid without invalidating the entire charter or defeating the right of the plaintiff corporation to maintain this suit. But without such designation no charter would have been granted. The designation of some place for the transaction of business and of some board of directors was a

condition precedent to incorporation, hence vital to the very existence of the plaintiff. And even if this were otherwise, there still remains the fact of incorporation, which of itself certainly is a material alteration. Before it can be binding, the proposition to incorporate and the matters requisite to procure a charter should be introduced at one meeting and put to vote at another meeting, as prescribed in the constitution. This plaintiff is a distinct entity in law from the unincorporated association to which defendants owed allegiance. Its corporate existence has never received their assent, nor was it brought about in a manner to be binding without their assent. By necessary inference this plaintiff has no legal standing to maintain this bill. I am therefore of opinion, and so report, that the same be dismissed at the cost of the plaintiff. [1]

Exceptions to the master's report were dismissed by the court.

*Errors assigned* were (1) above portion of the report excepted to, quoting it; (2) finding that plaintiff has no legal standing to maintain this bill; (3) decree dismissing bill.

*S. B. Price, W. J. Trembath,* with him for appellant.—A subordinate lodge cannot secede from the principal and object to the legality of the organization of the principal by any legislation subsequent to the secession or before: Kercker v. Shirey, 163 Pa. 550.

The question whether the incorporation was properly authorized or not, should not have been raised by the master: Union Methodist Church v. Pickett, 19 N. Y. 482.

The charter does not amend the constitution and by-laws: Stevick on Unincorporated Associations, 2; Methodist Church of Newark v. Clark, 41 Mich. 730; Spelling on Private Corporations, 374.

Courts in construing by-laws will interpret them reasonably, not scrutinizing their terms for the purpose of making them void nor holding invalid, if every particular reason in them does not appear: Angell & Ames on Corp. 399, 459; Boisot on By-laws, 79, sec. 70; Com. v. Mayor of Lancaster, 5 Watts, 152; Wardens of Christ's Church v. Pope, 8 Gray, 140.

Parties who are not members of an association cannot inter-

fere, and those who are members cannot claim right to interfere in favor of the others against the express will of the majority: Richardson v. Society, 58 N. H. 189; Gorman v. O'Connor, 155 Pa. 239; App. of First Methodist Protestant Church of Scranton, 16 W. N. C. 245; McAuley's App., 77 Pa. 413; Roshi's App., 69 Pa. 468; 2 Am. & Eng. Ency. of Law, 176 ; Thomas v. Ellmaker, 1 Parsons, Select Cases, 98; Miller v. Chittenden, 4 Iowa, 252; Reformed Dutch Church v. Veeder, 4 Wendell, 494; MacDowell v. Ackley, 93 Pa. 283.

By-laws may be altered, amended or rescinded at the pleasure of a majority, provided the charter contain nothing to the contrary : Bauer v. S. L. K. of H., 13 Am. & Eng. Cor. Cas. 618; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; MacDowell v. Ackley, 93 Pa. 277; Treadway v. Hamilton, 29 Conn. 68: Karcher v. Knights of Honor Sup. Ldg., 137 Mass. 368; Henry v. Deitrich, 84 Pa. 286 ; Atty. Gen. v. Murdock, 1 De G. M. & G. 86; 20 Am. & Eng. Ency. of Law, 782; Schnorr's App., 67 Pa. 138; Ehrenfeldt's App., 101 Pa. 186; 20 Am. & Eng. Ency. of Law, 791.

*Wm. I. Hibbs* and *John M. Garman,* for appellees, cited: Mears v. Moulton, 30 Md. 144; Gorman v. O'Connor, 155 Pa. 239; Shortz v. Unangst, 3 W. & S. 45; Hochreiter's App., 93 Pa. 479.

PER CURIAM, April 27, 1896 :

Plaintiff's three exceptions to the report of the learned master, recommending dismissal of the bill, having been overruled by the court below, the report was approved and decree entered dismissing the bill at plaintiff's costs. This action of the court is assigned as error.

For reasons, given by the master in his report, we are of opinion that no error was committed in refusing to sustain either of said exceptions or in dismissing the bill. There appears to be nothing in either of the specifications that requires discussion.

Decree affirmed and appeal dismissed at plaintiff's costs.